(125 N. W. 499.)

<hr />

O. L. HILDE v. E. J. NELSON.

Opinion filed February 24, 1910.

**Appeal and Error — Taxation of Costs.**

1. To authorize a revision by this court of alleged errors in the taxation of costs, the record must contain sufficient data to enable the court to determine whether such errors have been committed. Where the evidence on which the trial court acted in taxing costs is

not contained in the record on appeal, the decision of the trial court will not be disturbed, unless error is apparent on the face of the judgment roll.

### Appeal and Error — Statement of Case — Specifications of Error.

2. The so-called statement of case on this appeal radically fails in numerous respects to conform to the statute or to the rules of this court. It fails to contain proper specifications of error, and, furthermore, even if errors were specified, the alleged errors are not available to appellant, as the record fails to disclose timely objections and exceptions to the various rulings complained of. Such statement of case also fails to specify that appellant desires a review of the entire case or of any particular questions of fact as the statute requires in cases triable de novo in this court.

### Appeal and Error — Reversal for Denying Costs.

3. There is nothing contained in the record on this appeal from which the Supreme Court is enabled to intelligently determine what costs appellant is entitled to have taxed, but the judgment roll does disclose reversible error in denying any costs to him, and for such error the judgment is reversed.

Appeal from District Court, Williams county; *Goss*, J.

Action by O. L. Hilde against E. J. Nelson. Judgment for defendant, plaintiff appeals.

Reversed.

*William Maloney*, for appellant.

*A. L. Knauf* and *Bessie & Greer,* for respondent.

FISK, J. This is an appeal from a judgment of the district court of Williams county, and whether the same is here for review of alleged errors or for trial de novo in whole or in part it is utterly impossible to determine from the record and briefs presented to us. Appellant's counsel on oral argument stated that the appeal was perfected "for an adjustment of the costs." The record discloses a remarkable departure from all known rules of legal procedure, and presents a veritable comedy of errors from the inception of the litigation down to the present time. While it appears that defendant conceded a liability to plaintiff of $60, and offered to permit judgment to be taken against him in justice court for this amount, defendant seems to have recovered judgment in district court against the plaintiff for $183.24, being a balance awarded to him as costs and disbursements after deducting the sum of $56.58, found by the jury in the district court to be due plaintiff from defendant.

The history of this litigation is as follows: Appellant brought suit in justice court in September, 1906, to recover the possession of certain grain upon which he claimed a thresher's lien. The amount claimed to be due him under the lien was the sum of $153.59. Defendant interposed several alleged counterclaims which he claimed reduced the amount owing plaintiff to something less than $60. Before the trial of such claim and delivery action in justice court, defendant offered to allow judgment for $60 and accrued costs to be entered against him, which offer was denied. The trial in justice court resulted in a judgment in defendant's favor awarding him costs in the sum of $19.70, and plaintiff appealed therefrom to the district court. Thereafter appellant also commenced an action in the district court in which he prayed for a foreclosure of his said lien. These two actions were on plaintiff's motion consolidated and tried in the district court as one action. A jury was impaneled, and the trial court apparently submitted to the jury the issues which had been framed in the claim and delivery action. Both the trial court and counsel apparently proceeded upon the assumption that, under the issues, the only question for the jury to determine was what amount was due plaintiff on his threshing bill after deducting such amounts as might be found due defendant under the alleged counterclaims, and the jury, pursuant to instructions, returned a verdict in plaintiff's favor for the sum of $56.58. As a verdict in claim and delivery it is a curiosity, and we here quote it in full: "We, the jury in the above-entitled action, find for the plaintiff, O. L. Hilde, and against the defendant, E. J. Nelson, and assess plaintiff's damages at the sum of fifty-six dollars and fifty-eight cents ($56.58). We further find that the property was taken by the sheriff under claim and delivery proceedings in this action and is unsold in the St. Anthony and Dakota. Elevator at Wheelock, North Dakota, and is two hundred bushels of wheat and four hundred ninety-four bushels of oats and that said grain is held awaiting order of this court." Thereafter the trial judge, by agreement of counsel, taxed the costs, instead of directing the clerk to do so, and he found and adjudged that defendant was entitled by way of costs and disbursements to the sum of $239.82, and, after deducting the amount of the verdict in plaintiff's favor, he ordered judgment entered in defendant's favor for the said sum of $183.24. Plaintiff insisted that he was entitled to have costs taxed in his favor in the sum of $341.70, but the trial

court held that, in view of the fact that the amount found by the jury to be due plaintiff was less than the amount for which defendant had offered to permit judgment to be entered, defendant should recover his costs and disbursements. It is entirely clear that the trial court committed gross error in such ruling, as an offer merely to permit a money judgment to be entered in an action, the object of which was the recovery of specific personal property, is of no force or effect.

While there is an apparent miscarriage of justice, we are unable, on account of the condition of the record, to afford appellant any relief, except such, if any, as the face of the judgment roll shows him entitled to. He comes here in almost total disregard of all the well-settled rules relating to appellate procedure. The so-called statement of case radically fails, in numerous respects, to conform to the statute or to the rules of this court. It fails to contain proper specifications of error, and, furthermore, the alleged errors, if properly specified, could not be noticed, as no proper foundation was laid for such review by timely objections and exceptions. If it could be successfully contended that the case is here for trial de novo, still appellant is in no better situation, as he has failed to specify in his so-called statement of case either that he desires a review of the entire case or of any particular questions of fact, as the statute imperatively requires. We therefore have nothing before us which we can properly review, except such errors, if any, as appear upon the judgment roll. Whether the abstract discloses any prejudicial error upon the face of·the judgment roll is somewhat doubtful. We are unable to determine definitely from the judgment roll whether or not the costs and disbursements, if properly taxed, would necessitate a different result. What items of cost should have been taxed in plaintiff's instead of defendant's favor we are unable to determine. The allowance of costs in the equity suit to either or neither party was discretionary. Section 7179, Rev. Codes 1905. The so-called order for judgment taxes and adjusts costs between the parties, and discloses that the trial court declined to award costs to plaintiff upon the erroneous ground therein stated that plaintiff's recovery did not exceed the amount for which defendant had offered to permit judgment to be taken, and also for the erroneous reason of plaintiff's failure to prove a demand prior to suit (the answer disclosing that such demand would have been unavailing and therefore useless). From

what we are able to glean from the record plaintiff should have been awarded his costs properly incurred in the claim and delivery action. The allowance of the other costs was discretionary. Of course, in the allowance of such costs a sound judicial discretion must be exercised. While a party complaining of error in the allowance of costs has the burden of affirmatively showing such error so as to enable the Supreme Court to correct the same by readjustment of the costs, and while there is nothing contained in this record from which we are enabled to intelligently adjust such costs, we have concluded, for the errors aforesaid, to reverse the judgment appealed from, and to remand the case with instructions to retax the costs in accordance with the foregoing views, and when thus retaxed, to enter judgment accordingly.

Judgment reversed. Appellant to recover his costs in this court. All concur.