JAS. A. SMITH LUMBER COMPANY, Respondent, v.
HAVLIK, Appellant.

(213 N. W. 578.)

(File No. 6054.    Opinion filed May 5, 1927.)

1.  **Appeal and Error—Trial Court's Findings of Fact Are Not Reviewable, in Absence of Specifications, Refused Findings, and Motion for New Trial.**

    Findings of fact by trial court in cause submitted without a jury are not reviewable on appeal, in absence of specifications of insufficiency of evidence, findings proposed and refused, and motion for new trial.

2.  **Sales—Findings Held to Support Judgment for Seller for Balance Due for Merchandise Sold and Delivered.**

    Findings of debits, credits, and agreement between buyer and seller as to balance due on account for merchandise sold and delivered, and that buyer's check, given in payment thereof and marked, "Account paid in full," was, through error in subtraction, for less than agreed amount, supported judgment for balance due seller.

Note.—See, Headnote (1), American Key-Numbered Digest, Appeal and error, Key-Nos. 294(1), 704(2), 731(5), 3 C. J. Secs. 901, 1531, 4 C. J. Sec. 2347; (2) Sales, Key-No. 365, 35 Cyc. 572.

Appeal from Circuit Court, Brule County; Hon. R. C. BAKEWELL, Judge.

Action by the James A. Smith Lumber Company against Charles Havlik.  Judgment for plaintiff, and defendant appeals. Affirmed.

*G. C. Uhlir,* of Kimball, for Appellant.

*Heck & Thorson,* of Kimball, for Respondent.

CAMPBELL, P. J.  Plaintiff lumber company sued for balance claimed to be due on account for merchandise sold and delivered.  The defense was a general denial and a plea of payment. Pursuant to stipulation, the only evidence received in the case consisted of certain affidavits of the parties, certain books of account, and a canceled check.  Upon such evidence the cause was submitted to the court without a jury, and findings of fact, conclusions of law, and judgment were in favor of the plaintiff, from which judgment defendant now appeals.

[1] Appellant makes four assignments of error, the first three of which attempt to attack the findings as made by the learned trial judge.  There are no specifications of the particulars

in which the evidence is claimed to be insufficient to support the findings nor does the record present any proposd findings on the part of appellant which were refused by the court, and no motion for new trial was made. The sufficiency of the evidence to support the findings is, therefore, not reviewable upon this appeal. Keyes v. Baskerville, 42 S. D. 381, 175 N. W. 874.

[2] Appellant further assigns error that the findings do not support the conclusions and judgment. The findings were as follows:

"(1)   That on and between March 1, 1921, and October 20, 1922, the defendant herein purchased from the plaintiff, and the plaintiff then and there sold and delivered to the defendant, goods, wares, and merchandise of the value of $1,201.42.

"(2)   That thereafter and between said dates aforementioned the defendant paid upon the said account various sums, aggregating in amount the sum of $889.71.

"(3)   That on February 21, 1924, the parties hereto met for the purpose of balancing the account, and that on said date the plaintiff agreed to allow the defendant the sum of $15 for certain planks that defendant returned to the plaintiff.

"(4)   That, after deducting the $15 aforesaid, the plaintiff and defendant figured that $206.70 would balance the account, and thereupon the defendant gave his check to the plaintiff in the sum of $206.70, upon which check was marked, 'Account paid in full.'

"(5)   That an error was committed in subtraction, that the figure should have been $296.70 instead of $206.70, and that by reason of such error the defendant is indebted to the plaintiff in the sum of $90, with interest at 7 per cent from February 21, 1924."

From these findings the conclusion was that respondent was entitled to recover from appellant the sum of $90, with interest at 7 per cent from February 21, 1924, and judgment was entered accordingly. We think there is no question but that the findings above quoted, which in themselves are not open to attack on this record, are ample to support the conclusions of law and the judgment.

The judgment appealed from is affirmed.

POLLEY and BURCH, JJ., concur.

GATES and SHERWOOD, JJ., not sitting.