## WILBUR J. TEAL AND ANOTHER v. FOREST LAKE STATE BANK.[1]

February 3, 1928.

No. 26,465.

**Effect of omission of bill of exceptions or settled case.**

1. Where plaintiffs appeal from a judgment for defendant entered on court's findings and there is no settled case or bill of exceptions, the only question is whether the findings sustain the conclusions and judgment. [Reporter]

**Bank not liable for expense of clearing record of apparent judgment lien.**

2. Bank which acted merely as vendees' agent in having an abstract of title continued and procuring a mortgage loan for them, and is not charged with negligence, was not liable to them for the expense to which they were put in having removed the apparent lien of a docketed judgment upon the vendor's homestead. [Reporter]

Appeal and Error, 4 C. J. p. 184 n. 36.
Banks and Banking, 7 C. J. p. 719 n. 91.

Plaintiffs appealed from a judgment of the district court for Washington county, Stolberg, J. Affirmed.

*R. C. Andrews,* for appellants.
*Sullivan & Neumeier,* for respondent.

PER CURIAM.·

Action in the district court of Washington county by the vendees of real property to recover of the defendant bank the amount which they expended in having it adjudged that a docketed judgment, apparently a lien, was not actually a lien upon the property which they bought. There were findings and judgment for the defendant, and the plaintiffs appeal from the judgment. There is no settled case or bill of exceptions, and the only question is whether the findings sustain the conclusions and judgment.

The plaintiffs, Wilbur J. and Pearl E. Teal, were about to buy certain land from one Peterson. It was encumbered by a $1,200 mortgage. They sought a loan of $3,000 through the defendant, Forest Lake State Bank, as agent. This loan was to take care of the $1,200 mortgage and pay incidental expenses, and the balance was to be used in making the payment to Peterson. The loan was procured by the bank from one Albert Sandell.

[1]Reported in 217 N. W. 597.

The plaintiffs delivered the defendant an abstract which showed fee title in Peterson subject to the $1,200 mortgage. It contained no judgment certificate as to Peterson. There was a judgment of $8,479.95 docketed against him. Apparently it was a lien. In fact it was not because the land was Peterson's homestead at the time of the docket and continued so until the sale. The court found that the plaintiffs gave the bank written instructions to have the abstract examined and brought down to date; that it agreed to do so; that the clerk in certifying as to judgments omitted the name of Peterson; and that the defendant did not cause the abstract to be examined. In its additional findings the court found that:

"The only consideration paid to defendant or agreed to be paid to defendant for any services which defendant performed or agreed to perform for plaintiffs was the sum of sixty dollars ($60.00), the same being in payment for defendant's services in procuring Albert Sandell to loan plaintiffs the sum of Three Thousand Dollars ($3,000.00) secured by mortgage upon said premises. Any other service performed or agreed to be performed by said defendant was without consideration, wholly gratuitous and performed as an incident to the procuring of said loan for plaintiffs."

The court further found that when the loan was closed the plaintiffs and Sandell and the defendant's cashier were present in the bank, the money paid by Sandell, the abstract of title was at the bank and open to inspection; that the entire transaction of closing said loan, making the conveyance and satisfying the mortgage was consummated on the same day; that neither of the plaintiffs ever made any inquiry concerning the abstract or the title to the premises; and that the bank never undertook or agreed to obtain for plaintiffs any information as to the title to said premises nor to advise plaintiffs in reference thereto, except that it agreed to have said abstract continued to date and examined. The plaintiffs brought an action against the judgment creditor, who defaulted, to procure a discharge of the judgment, obtained a proper judgment, and incurred an expense of $136.20.

The bank was not a lawyer. It procured an abstract as an agent usually would. It is not charged that it was negligent. It did not have the abstract examined. It had not agreed to procure an opinion. Its agreement to have the abstract examined was, as found by the court, only incidental to the procuring of the loan. The parties were together when the transaction was closed. Nothing was said about an examination of the abstract. The plaintiffs did not call for an examination. The defendant and the others acted in good faith. Under facts such as these we cannot hold that the judgment is not sustained.

Judgment affirmed.