JOHN J. AUSTAD and C. A. Bissel, Appellants, v. LOUISE DREIER, Ellenor Dreier, and Frederick Tietgens, Respondents.

(221 N. W. 1.)

Opinion filed August 22, 1928.

*William Maloney,* for appellants.

*Lashkowitz & Smith,* for respondents.

GRIMSON, Dist. J. This is an action brought by the plaintiffs for judgment against the defendants for $1,685, and asking that same be adjudged a lien on certain real estate under an alleged mechanic's lien and that the property be sold in satisfaction thereof. The defendants answered separately denying the mechanic's lien and the performance of the contract which was the basis of the claim. The case was tried to the court, and at the conclusion of the two days' trial the court found that there was no lien; that there was no performance of the contract but that the plaintiffs furnished materials, and after taking into consideration the costs of completing the contract the court gave a personal judgment against the defendant Louise Dreier for the sum of $825.25, dismissing the action as to the other defendants.

Upon this appeal the plaintiffs claim the trial court erred in finding that the contract in question was not substantially complied with; that the mechanic's lien was invalid because not filed in compliance with the statute; that there was no equitable lien; and in not allowing costs to the prevailing party.

The record on appeal consists of only the judgment roll and of the oral memoranda of the court dictated into the record at the close of the trial. No portion of the testimony whatever appears in the record. The only evidence in the record is four exhibits of the plaintiff and five exhibits of the defendant. These are certified without the testimony relating thereto.

The burden is upon the appellant to show the error of the trial court. Every presumption is with the correctness of the findings of the trial court. Unless the record therefore affirmatively shows error, the findings of the trial court will be sustained. In order for this court to review any errors in the court below the record must present the facts upon which said trial court acted. See State v. Gerhart, 13 N. D. 663, 102 N. W. 880; State v. Scholfield, 13 N. D. 664, 102 N.

W. 878; Erickson v. Wiper, 33 N. D. 193, 157 N. W. 592; Parsons v. Rowell, 42 N. D. 441, 173 N. W. 761; Pollock v. Johnson, 42 N. D. 81, 172 N. W. 62; Read v. Grant, 43 N. D. 546, 169 N. W. 588; Solon v. O'Shea, 45 N. D. 362, 177 N. W. 757; Halstead v. Missouri Slope Land & Invest. Co. 48 N. D. 1001, 188 N. W. 163; Strand v. Thomas, 173 Minn. 611, 216 N. W. 244.

No transcript of the evidence being in the record there is nothing before this court upon which to base any error in the holding of the court that the contract was not substantially complied with or that the lien was invalid, and the presumption is in favor of such findings.

In regard to the lien the court finds that the—

"Plaintiffs did not secure the written consent of the defendant Louise Dreier to the filing of the mechanic's lien, nor did they file notice of intention with the clerk of the district court, and further that the purported mechanic's lien contained items of materials to be furnished and materials not furnished."

But appellant argues that a contractor does not need to obtain and file such notices. A mechanic's lien is purely statutory. It was not recognized at common law nor allowed in equity, independently of statute. In this state, § 6814 to § 6831, inclusive, Comp. Laws 1913, as amended, provide who shall have a mechanic's lien and the steps required to obtain the same. Section 6814 provides:

"Any person who shall perform any labor or furnish any materials . . . under a contract with the owner of such land . . . shall upon ·compliance with the provisions of this chapter have for its labor done or materials . . . furnished a lien upon such buildings . . . and upon land belonging to such owner upon which the land is situated. . . ."

Section 6815 provides: "*Every* person who shall be entitled to have a mechanic's lien for materials . . . shall in addition to the requirements of said section (6814) file with the clerk of the district court of the county . . . a notice in writing. . . ."

Section 6816 provides:

"*Every* person who shall be entitled to a mechanic's lien for material . . . shall in addition to the requirements of said section (6814) file with his lien a statement to the effect that the owner of the premises has consented that said lien may be filed, which state-

ment must be signed by the owner of said premises . . ." and the statute gives a form of said notice. A substantial compliance with these statutes must be had before a valid lien is obtained. 40 C. J. 159. In none of these statutes is there any distinction between the contractor who furnished material and the ordinary materialman; the statute says "every person." The object of the notice is not only to give the owner protection but also to show to the public, for the protection of anyone interested, the claim of the materialman to a lien on the property. The consent authorizes filing the lien as security for the account. Without that consent the materialman does not have the right to that security. The law makes such consent the basis for that right. Our statute must be interpreted to effectuate its purpose. Salzer Lumber Co. v. Claflin, 16 N. D. 601, 113 N. W. 1036. The courts cannot amend a statute. They merely ascertain and declare the legislative intent. Interior Woodwork Co. v. Jahn, 163 Wis. 193, 157 N. W. 772. There is no doubt that the legislature intended that the notice should be filed and consent of the owner obtained and filed before anyone who furnishes material can have security on the property for his account. Under the statute every materialman must file his notice and obtain the consent of the owner whether he is the contractor or not.

Nothing in the contract in evidence shows that the owner ever gave the consent required. It is conceded no notice was filed. As far as there is any evidence in the record with regard to the lien the exhibits show that a large part at least of the lien was for materials. There is no way for the court to determine how much thereof is labor. There apparently is a commingling of accounts, a lien claimed for money supposedly due, for payments for work not yet done, for materials furnished and to be furnished. As far as the evidence in the record shows it sustains the finding of the court and certainly is no basis for an error in regard thereto.

The trial court also found "that the plaintiffs did not substantially comply with their contract." The evidence on that not being in the record that finding is upheld. Under the holding of this court in Kupfer v. McConville, 35 N. D. 622, 161 N. W. 283, the mechanic's lien never attached because the contract was not complied with. On that ground

also under that holding there was therefore no lien upon which foreclosure could be had.

But appellant argues that if there was no statutory lien the court was in error in not holding an equitable lien based on possession. There being no such lien at common law or equity it would have to be based upon the contract between the parties. Nothing appears in the contract to sustain the contention of the appellant and no evidence in the record to show any error of the court with regard to its refusal to find such a lien.

Appellant finally complained that the court erred in not allowing costs. This is an equity suit. Allowance of costs in an equity suit is entirely discretionary with the court. See Comp. Laws 1913, § 7795; Hilde v. Nelson, 19 N. D. 634, 125 N. W. 474. There appears nothing in the record to show that the trial court abused its discretion in regard thereto.

On the record before this court the real question is, whether the findings of the trial court sustain the conclusions of law and the judgment entered. Teal v. Forest Lake State Bank, 173 Minn. 625, 217 N. W. 597; Marion v. Home Mut. Ins. Co. — Iowa, —, 217 N. W. 803; Jas. A. Smith Lumber Co. v. Hawlik, 51 S. D. 306, 213 N. W. 578. The record in no way shows a basis for attacking the findings. This court presumes them to be correct, and after a full consideration of the findings this court is of the opinion they fully sustain the conclusions of law and the judgment entered. The judgment of the lower court is therefore in all things affirmed.

NUESSLE, Ch. J., and CHRISTIANSON, BURKE, and BIRDZELL, JJ., concur.

BURR, J., did not participate; Honorable G. GRIMSON, Judge of the Second Judicial District, sitting in his stead.