Ray WELLENS and Olga Wellens,
Plaintiffs and Appellants,

v.

Clarence BECK, Al Georgeson, and Oscar
Oakland, individually and/or as partners
in any combination, doing business as
Wellens Auto Supply, Defendants and Re-
spondents.

No. 7874.

Supreme Court of North Dakota.

May 26, 1960.

---

Edward J. Murphy, Fargo, and Magnus Wefald, Hawley, Minn., for plaintiffs and appellants.

C. J. Serkland and George A. Soule, Fargo, for respondent Martha Dennis.

J. E. Hendrickson, Fargo, for First Nat. Bank & Trust Co. of Fargo, receiver, and for Oscar Oakland, respondent.

John E. Rilling, Fargo, for Clarence Beck, defendant and respondent.

STRUTZ, Judge.

This is an appeal from a judgment of the district court of Cass County. This case was before this court on a prior occasion. Wellens v. Beck et al., N.D., 84 N.W.2d 345. A complete and detailed statement of facts is set forth in the decision on the former appeal, and a mere outline of the facts will be set forth herein.

The plaintiffs and appellants had sold an automotive parts business to one Beck and one Georgeson and, as a part of the transaction, had taken notes from Beck and Georgeson in payment of the greater portion of the purchase price, together with a mortgage on the furniture, fixtures, equipment, stocks and credits of the business to secure such notes.

One of the partners soon left the business and Oakland was taken into the partnership. After a short time, the second of the original purchasers stepped out. Defendant Oakland thereupon assumed the full balance due on the promissory notes and chattel mortgage given to the Wellenses in this transaction. Within a short time after Oakland had become the sole owner of the business, the appellants Wellens took possession of the business and conducted it as their own, barring Oakland from the premises.

Thereupon an action was commenced by the appellants to foreclose the mortgage covering the assets of the business. The judgment of the trial court after the first trial was adverse to the appellants as mortgagees, and an appeal was taken to this court. On such appeal, this court held that the appellants, as mortgagees, having taken possession of the mortgaged property and having exercised dominion over it inconsistent with the rights of the mortgagors, were guilty of conversion of such property and, because of such conversion, they as mortgagees had lost their mortgage lien.

On such former appeal this court further held that, although the respondent Oakland had been induced to enter into the contract with the appellants as mortgagees by fraud, he had waived his right to recover for the deception when, after full knowledge of the mortgagees' fraud, he had entered into a new agreement with them regarding the same transaction. The respondent, by such further dealing with the appellants after knowledge of their fraud, had waived his right to a return of the consideration which he had paid on the fraudulent transaction and had waived all damages which he suffered by reason of the appellants' fraud.

In addition to holding the appellants' mortgage void as to Oakland because of their conversion of the property, this court held that the appellants' mortgage was void as to creditors of Oakland or the prior mortgagors for obligations incurred in the operation of the business. A mortgage held by the plaintiff in intervention, Martha Dennis, which had been given to secure advances made by her to the original purchasers, which advances had been credited

as down-payments on the purchase price, was also declared void by this court.

This court, on such former appeal, remanded the case to the district court for the purpose of taking testimony relative to the value of the property converted by the appellants. On such remand, the trial court held that this was the only issue before the court. After hearing, a judgment was entered for $29,856.94, in favor of Oakland and against the appellants herein. This judgment included $8,300 for furniture, fixtures, and equipment and $15,000 for inventory and interest and costs. After entry of such judgment, a receiver was appointed to protect the interests of the various creditors of Oakland and the prior mortgagors.

The plaintiffs have appealed from such judgment and, on such appeal, raise two main issues:

1. Are the appellants entitled to set off the amount which is owing to them by the respondent Oakland, on the notes he has assumed to pay, against Oakland's claim for conversion against the appellants, for the value of the property converted, which has been reduced to judgment; in other words, may the appellants set off the amount which they have coming from Oakland on such notes against the judgment entered against them, and have judgment in their favor for the difference?

2. Was the evidence produced as to value of the property converted by the appellants sufficient to justify the trial court's findings as to the value of such property, for which judgment has been entered in favor of the respondent Oakland?

An additional issue was raised on oral argument with reference to the validity of an order of the district court made more than two months after the appeal in this case was perfected, which order held that the claim for exemptions which had been filed by the appellant Ray Wellens was a valid claim for exemption.

Appellants strenuously contend that their claim against the respondent Oakland was established in the first suit at $39,353.33. They further contend that, since Oakland owes them an amount greater than the amount which they owe him for conversion of the mortgaged property, they should be entitled to have the amount they have coming on the notes from respondent Oakland offset against the judgment which Oakland has against them, and have judgment in their favor for the the difference. In other words, they contend that they are entitled to offset their claim of $39,353.33 against the respondent's judgment, and that judgment should be entered in their favor for the difference.

The appellants rely on Section 35-0120 of the North Dakota Revised Code of 1943, which provides that, in an action for conversion of personal property, a defendant may show in mitigation of damages the amount due on any lien to which the plaintiff's rights were subject and which was held by the defendant. However, the question of whether appellants are entitled to the benefits of the provisions of this section, and therefore entitled to set off the amount which the respondent owes them against the amount which they as appellants owe to the respondent for conversion of the property, is not before us. A careful reading of the proceedings had in the trial court clearly shows that the appellants waived any rights which they had to an offset under the statute, if such rights ever were available to them.

Our Code specifically provides that the benefits of any statute may be waived by the party entitled thereto unless such waiver would be against public policy. Sec. 1-0228, N.D.R.C.1943.

At the start of the retrial of this case, after a pretrial conference limiting the issues for trial in the district court, the trial court stated to the parties that the only issue left for determination was a claim of the respondent Oakland against the appellants Ray Wellens and Olga Wellens for

conversion of the personal property; that, upon the determination of that claim, a receiver would be appointed as requested in the pleadings of the creditors of Oakland, and such receiver would then collect and administer the amount of damages determined to be due Oakland from the Wellenses; and that, if a receiver were appointed, he would receive and determine the claims of creditors. Whether the trial court's suggestion for proposed proceedings was proper is not now important, for immediately upon such suggestion by the trial court the attorney for the appellants stated:

"If such receiver is appointed, such receiver shall collect and administer the amount of damages determined to be due the defendant Oscar Oakland, the claims of the creditors of the Wellens Auto Supply Company shall be submitted and determined.

"The Court: That is right."

Thereafter, the attorney for the appellants stated:

"After the receiver is appointed, in so far as their claim for thirty-nine thousand and some-odd dollars, and their other claims here in their amended pleadings, when could they be submitted and to whom?

"The Court: To the receiver. * * * As I understand the outline of the procedure * * * we have one issue for determination in this hearing, and that is the amount of damages by reason of the conversion of the personal property of the defendant Oscar Oakland. * * *"

After some further discussion, the attorney for the appellants then proposed:

"We can proceed under Oscar Oakland's claim at the present time, and if a receiver is appointed later submit our claim to the receiver.

"The Court: That is as I understand the procedure. Has counsel for the opposition any views?"

The counsel for the respondents then agreed to the procedure thusly:

"If and when damages are established, a receiver will be appointed, and after that time a suit could be instituted to litigate the question, and the receiver could allow them or reject them.

"The Court: That is correct. That was my understanding."

Whereupon the attorney for the appellants stated: "That is all right with us."

Thereafter, the court declared:

"It would be the position of the court that the only issue which is for trial in this proceeding today is as outlined in this written order of the court which is dated February 26, 1959, and is the question of damages for the conversion of property."

Again, the attorney for the appellants stated: "We will proceed under that."

Thus this case was tried on issues determined at the pretrial conference and then agreed to by all of the parties in open court. After an adverse decision, the appellants have now retained another attorney who evidently has a different idea of how the case should have been tried, or at least he now knows that the theory on which it was tried was unsuccessful. However, the appellants are bound by the theory on which the case was tried and cannot change the entire scheme of their lawsuit after receiving an adverse decision on the theory agreed to prior to trial. In other words, all of the parties having not only acquiesced but affirmatively agreed to try the case on a certain theory, the appellants have waived their right to now have the case reconsidered and tried on some different theory.

By waiving their rights under the statute, as they had a right to do, and by agreeing to try the question of the value of the property converted by the appellants and agreeing that after those damages, if

any, had been determined, a receiver should be appointed, the appellants cannot now be heard to contend that they should not have waived their rights under the statute, and insist on a setoff. Clearly, if a party could, by retaining new counsel, avoid prior agreements and even adverse decisions or verdicts, some litigation would never end.

Statutory rights may be waived or surrendered by the party to whom or for whose benefit they are given. 56 Am.Jur., Sec. 7, p. 107; 92 C.J.S., pp. 1041 and 1066.

The doctrine of waiver is applicable to all rights and privileges to which a person is legally entitled, whether secured by contract, conferred by statute, or guaranteed by the Constitution, provided such rights and privileges rest in the individual who has waived them and are intended for his benefit. Benane v. International Harvester Company, 142 Cal.App.2d Supp. 874, 299 P.2d 750; Sec. 1–0228, N.D.R.C.1943.

■ The next issue raised by the appellants is whether the evidence justifies the findings of the trial court as to value of the property converted. The only testimony as to value was that of the plaintiff and appellant Ray Wellens and the defendant and respondent Oscar Oakland. Wellens' testimony was to the effect that the office fixtures and equipment were worth $8,300 and the stock in trade, $9,982.16; that the total value of the property converted was $18,282.16. The respondent Oakland, on the other hand, testified that the office fixtures and equipment were worth $8,300 and that the stock in trade was of a value of $15,000, making a total value of $23,300 for the property converted. Judgment for this amount, plus interest and costs, was entered for respondent Oakland.

The trial court heard the witnesses, saw their demeanor on the stand, and was in a position to determine the credibility of witnesses. In determining the credibility of a witness, it is proper for the court to consider his appearance, conduct on the stand, demeanor, manner of testifying, such as candor or frankness or evasiveness of his story. 58 Am.Jur., Credibility, Sec. 860, p. 487; 98 C.J.S. Witnesses § 466, p. 336; Hicks v. Reis, 21 Cal.2d 654, 134 P.2d 788. The trial court was in a far better position to determine the facts than is this court, and, upon a trial anew in the Supreme Court, the findings of the trial court are entitled to appreciable weight. Foster County State Bank v. Hester, 18 N.D. 135, 119 N.W. 1044; Austad v. Dreier, 57 N.D. 224, 221 N.W. 1; Ginter v. Ginter, N.D., 63 N.W.2d 394; Hoffer v. Crawford, N.D., 65 N.W.2d 625; Dockter v. Crawford, N. D., 65 N.W.2d 691; Shong v. Farmers' and Merchants' State Bank, Hutchinson, Minn., N.D., 70 N.W.2d 907.

We find no error in the findings of the trial court on the question of value of the property which the appellants converted. We would point out that this is the same property that the appellants had sold two years previously for $52,500. Any inventory in existence at the time of the appellants' conversion of the property would be in the possession of the appellants, since they took over all records at the time of the conversion. None having been produced by them at the time of trial, it is our opinion that the trial court was justified in fixing the value which it placed upon the converted property.

■ Another question was raised at the time of oral argument of this appeal, and that was whether this court would pass on an order of the trial court dated February 25, 1960. In that order, the trial court holds that the schedule and claim for exemptions of the appellant Ray Wellens is a good and valid claim. Notice of appeal in this action was dated October 13, 1959, was served on the respondents on December 22, 1959, and was filed in the district court on December 24, 1959. The order which the parties now request this court to consider on this appeal was dated February 25, 1960. So far as our records show, this order has never been filed in the office of the clerk of the district court of Cass

County, nor has it been served on the respondents. It is an order which affects substantial rights of the parties, and therefore would be an appealable order when served and filed. No appeal having been taken from such order, the matter is not before us on this appeal and we do not pass on the same.

The judgment of the district court is affirmed.

SATHRE, C. J., and MORRIS, BURKE, and TEIGEN, JJ., concur.