BUILDERS SPECIALTIES COMPANY, Appellant

v.

SWANSON et ux, Respondents

(152 N.W.2d 550)

(File No. 10254. Opinion filed September 6, 1967)

**Royhl, Benson & Beach,** Huron, for plaintiff and appellant.

**Martens, Goldsmith, May & Porter, Thomas C. Adam,** Pierre, for defendants and respondents.

LUND, Circuit Judge.

This is an action to foreclose a mechanic's lien, with interest and costs and attorney's fees, as the balance owing for the construction of an addition to, and remodeling of defendants' residence in the City of Pierre. Plaintiff, by his complaint, alleged both the theory of contract and quantum meruit. Defendants, in addition to a general denial, and by way of counterclaim, pleaded a contract for a specified sum with the work to be completed in eight weeks, and alleged that the plaintiffs breached

the contract in failing to perform the work in a careful, customary, and workmanlike manner, and in failing to complete the contract within the time limit. The trial court found that the plaintiff was entitled to recover in quantum meruit in an amount considerably less than the amount claimed by the plaintiff, after allowing the defendants an offset for substandard material and workmanship. The court entered findings of fact and conclusions of law and judgment accordingly, and plaintiff appeals.

Plaintiff predicates its assignments of error on the insufficiency of the evidence to sustain the findings of fact, conclusions of law and judgment. The defendants, on the other hand, assert that the record fails to present any question for review for the reason that the sufficiency of the evidence was not questioned in the trial court by motion for a new trial, request for findings, or other appropriate procedure as required by SDC 33.0710.

Plaintiff counters that the statutory rules of procedure do not apply by reason of the fact that the plaintiff is the appellant, and that the findings of fact and conclusions of law were made in accordance with the Court's memo decision, and for the further reason that SDC 33.1405 grants an exception to such findings of fact and conclusions of law.

The right of appeal is statutory, and this court has uniformly held in a long series of decisions that sufficiency of the evidence cannot be reviewed without compliance with SDC 33.0710. SDC 33.1405 merely grants an exception to rulings of the Court, but does require a request for a finding on an issue of fact as the basis for a finding of insufficiency of the evidence as to it. Berke v. McCook Co., 39 S.D. 579, 165 N.W. 985; Hines v. Moulton, 63 S.D. 535, 261 N.W. 666; Chambers v. Wilson, 67 S.D. 495, 294 N.W. 180; Doling v. Hyde County, 70 S.D. 339, 17 N.W.2d 693; Ove v. Hutcheson, 77 S.D. 78, 85 N.W.2d 675; In re Appeal of Bottcher, 78 S.D. 360, 102 N.W.2d 623; Iverson v. Terriere, 78 S.D. 478, 104 N.W.2d 474; Moody County v. Frank Cable, 82 S.D. 537, 150 N.W.2d 193.

We have carefully examined the record presented and since no motion for a new trial, request for findings, pro-

posed findings, or any other apt motion was presented to the trial court, the appeal must be dismissed. Nevertheless, we have reviewed the evidence and are satisfied that there is no clear preponderance of the evidence against the facts found by the court.

The judgment is affirmed.

HOMEYER, P. J., RENTTO and BIEGELMEIER, JJ., and BANDY, Circuit Judge, concur.

BANDY and LUND, Circuit Judges, sitting for ROBERTS and HANSON, JJ., disqualified.