SWANSON, et ux, Respondents v. CITY OF DEADWOOD, Appellant

(219 N.W.2d 477)

(File No. 11306. Opinion filed June 25, 1974)

William L. Severns, Deadwood, for plaintiffs and respondents.

Driscoll, Mattson & Rachetto, Deadwood, for defendant and appellant.

BIEGELMEIER, Chief Justice.

This is an action to recover damages for defendant's alleged wrongful act of discontinuing water service to plaintiffs. Trial was to the court without a jury, and from a judgment of $600 in favor of the plaintiffs, defendant, City of Deadwood, appeals.

The court's findings of fact will assist in the discussion of the defendant's contentions and arguments. The court found that plaintiffs operated a camping area in 1971 located outside the city limits of Deadwood. One-half the property on which the campground was located was owned by plaintiffs and the other half was owned by a Mrs. Berry and used with her permission. In the early part of July 1971, defendant asserted that Mrs. Berry owed a water bill of $259 from a prior use of the property that belonged to her. Plaintiffs had no knowledge of such water bill. On or about July 9, 1971, defendant shut off water service to the whole of plaintiffs' campground when it could have shut off service to that portion of the campground owned by Mrs. Berry. Service was resumed about July 12, 1971, and continued until July 16, 1971, at which time defendant again shut off service for the remainder of the year.

■ Defendant asserts that the plaintiffs have no cause of action because of the provisions of SDCL 9-24-1 and SDCL 9-23-1. This court in Haley & Lang Co. v. City of Huron, 36 S.D. 6, 153 N.W. 891, and Stewart v. Rapid City, 48 S.D. 554, 205 N.W. 654, held that the predecessors of these two statutes, which were substantially the same as the present statutes, did not apply to damages arising from tort. Defendant's contention in this respect is therefore untenable.

■ Defendant city contended that it had authority under certain ordinances to shut off the water supply as it did. Ordinance No. 306, under which defendant claims to have acted, provides as follows:

"Sec. 1. That all real property within the limits of the City of Deadwood with which the City system of water works is now or shall hereafter be connected and water from such system is used thereon for any purpose by the owner or occupant thereof of such real property. Such real property shall be liable for the payment of the water used from such system of water works at the rate that now is or may be hereafter established by the City Council for the use of the city water.

"Sec. 2. If the owner or occupant of any real property within the limits of the City of Deadwood upon which city water is used or consumed shall fail to pay for the use of such water from said city system upon the premises occupied or owned by them, the payment thereof shall be enforced by an action against the owner and occupant of such premises in any court of this state."

The trial court found and concluded that the ordinances in question did not provide authority to shut off water service for nonpayment of water bills but rather called for suit against the owner or occupant of the property in an action in court. Defendant city contends the "evidence is insufficient" to support such findings. A reading of this ordinance shows that defendant's contention is without merit. The city's remedy there provided for is "an action   *   *   *   in any court of this state", and does not

authorize or include defendant's actions of shutting off the water. By its own words the ordinance is limited to real property within the limits of the city; it is undisputed, and the court found, that plaintiffs' property was outside the city limits. The trial court's construction of the ordinance was correct.

Defendant further suggests that sections 5 and 6 of the City of Deadwood Ordinance No. 465 "appear to imply the necessary authority for Defendant to discontinue the water service" as it did. Without setting out these sections in detail, Section 5 provides that the water meters, fixtures, etc., shall be open to inspection by city employees, and that any leaking service pipes shall be promptly repaired on notice or the water shall be shut off. Section 6 provides that any person who shall turn on the supply of water after it has been turned off by the city on account of nonpayment of water rate or for any other reason without first obtaining a permit shall be subject to a fine of not less than $3 nor more than $50. It is not contended that plaintiffs violated this section. In any event, neither of these ordinances authorized the city to shut off the water supply to plaintiffs' property because of nonpayment of Mrs. Berry's bill; however, the court found the city wrongfully did so.

In Owens v. City of Beresford, 87 S.D. 8, 201 N.W.2d 890, the court held that the city could not refuse to render or discontinue rendering utility service to a patron for some collateral matter not related to the service. In that case the city had disconnected plaintiffs' electrical and telephone services for failure to pay a mandatory garbage collection fee due from plaintiffs. The bill for the water service rendered Mrs. Berry was likewise collateral to the claim that the city had against the plaintiffs for water service rendered to them.

Defendant next asserts that the $600 award was erroneous for the reason it was too remote, speculative and uncertain, and that plaintiffs' business was a new and contemplated business for which damages are not recoverable. The court's findings in this respect were for loss of business and capital loss on the installation of service connections to campsites. The evidence on damages is not detailed, but broadly interpreted under SDCL 15-6-52(a) sustains the finding of plaintiffs' damages. Mention of a procedural requirement on this subject is apt.

Defendant did not make a motion for a new trial. SDCL 15-6-59(a). Subsection (6) thereof provides for this under a claim of insufficiency of the evidence to justify the verdict or other decision. SDCL 15-26-20 provides that such of the matters in subdivisions (6) and (7) of SDCL 15-6-59(a) as may have been timely presented to the trial court by motion for a directed verdict, requested findings, or other apt motion, offer, objection, or exception may be reviewed on appeal without the necessity for an application for a new trial.

In Lang v. Burns, 77 S.D. 626, 97 N.W.2d 863, the court wrote:

"However, absent such motion (for a new trial), insufficiency of the evidence may not be reviewed unless it has been timely presented to the trial court by motion for a directed verdict, request for findings, or other apt motion, offer, objection or exception. SDC 33.0710 (now SDCL 15-26-20)."

In an action tried to the court the phrase "directed verdict" does not apply, but the "request for findings, or other apt motion, offer, objection or exception" does. Not having made a motion for a new trial or any request for findings (none appears in the settled record) defendant cannot on appeal question the sufficiency of the evidence to support the finding. See In Re Appeals of Bottcher, 78 S.D. 360, 102 N.W.2d 623, and Moody County v. Cable, 82 S.D. 537, 150 N.W.2d 193, where the court reviewed the various sections involved (then substantially the same) and came to the conclusion reached above.

Lastly, defendant urges the trial court erred in its refusal to accept "Defendant's proposed Finding of Fact Number 5". As stated above, the settled record does not include any proposed Finding of Fact of defendant.

Affirmed.

All the Justices concur.