In the Matter of the APPLICATION OF William G. VEITH and Norma Veith for Abatement of Taxes.

In the Matter of the APPLICATION OF Stephen N. HAAS and Judith C. Haas for Abatement of Taxes.

Nos. 12001, 12002.

Supreme Court of South Dakota.

Jan. 16, 1978.

William H. Coacher, State's Atty., Sturgis, for appellant, Meade County, South Dakota.

Edward C. Carpenter, of Costello, Porter, Hill, Nelson, Heisterkamp & Bushnell, Rapid City, for respondents, William G. Vieth and Norma Vieth; Stephen N. Haas and Judith C. Haas.

MORGAN, Justice.

This is a combined action to determine the validity of the county assessor's classification of certain lands in Meade County as nonagricultural. The taxpayers applied for abatements which the Meade County Commissioners denied. Appeal was taken to the circuit court in and for Meade County where the cases were combined for trial. The trial court held that the land was used exclusively for agricultural use and the abatements were granted. From these decisions the county has appealed, and the cases were again combined by stipulation. We affirm the judgments of the trial court.

The respondents Vieth, a retired Air Force officer and his wife, purchased two tracts in a development platted as Piedmont Meadows Ranchettes, which tracts comprised approximately thirty-one acres. They constructed a home on a portion of the property, consisting of two or three acres, fenced that portion off and leased the remainder out for grazing, until they purchased their own cattle.

The respondents Haas, likewise a retired Air Force officer and his wife, also purchased two tracts in the Piedmont Meadows Ranchettes adjacent to the Vieth land. They also constructed a home on a portion of their property, the balance being fenced off and leased along with the Vieth land.

Veith and Haas combined in the cattle operation as partners with Veith apparently having the chief responsibility as full-time operator because Haas, who was a physician, went into practice in Rapid City. When they went into the cattle partnership they leased additional land, making a total grazing unit of approximately 145 acres.

The trial court entered findings of fact in each case which, in essence, found that the respective taxpayers had purchased the tracts solely for agricultural use and they had invested in equipment and livestock for use for agricultural purposes; that they were acting in good faith and were sincere in their desire to engage in agricultural pursuit; and in conjunction with each other had operated a sizeable cattle operation. Based on these findings the court concluded, as a matter of law, that the land was used exclusively for agricultural purposes and that the taxpayers were entitled to an abatement to conform with the agricultural use of said land.

Appellant county assigns as error the court's findings of fact alleging that they are not supported by the evidence or contrary thereto. In his brief and on oral argument counsel for the taxpayers challenged the right of the appellant county to question the findings as appellant neither proposed or requested any findings in conformity with the provisions of SDCL 15–6–52(a). This court has repeatedly held that where the sufficiency of the evidence was not questioned before the trial court by motion for a new trial, request for findings or other appropriate procedure sufficiency of the evidence cannot be reviewed and appellant is therefore limited to the question of whether the findings support the conclusions of law and judgment. See *Ove v. Hutcheson* (1957) 77 S.D. 78, 85 N.W.2d 675; *Moody County v. Cable* (1967) 82 S.D. 537, 150 N.W.2d 193; and *Builders Specialties Company v. Swanson* (1967) 82 S.D. 663, 152 N.W.2d 550.

Since 1931 South Dakota has employed a preferential assessment scheme for valuation of farm land used for agricultural pur-

poses which disregards the value for nonagricultural use or speculative value. Under the statute in effect at the time of the assessments in question agricultural property included all property used exclusively for agricultural purposes which is not handled for resale by wholesale or retail dealers, and including both tilled and untilled lands, the buildings, structures and other improvements on such land and the livestock and machinery located and used on such land. The constitutionality of this scheme was approved by this court in *Great Northern Railway Company v. Whitfield* (1937) 65 S.D. 173, 272 N.W. 787.

The criteria set out in the statute gives the assessor the broad discretionary powers in designating which class the property falls in.[1] The key phrase appears to be "used exclusively for agricultural purposes." The phrase "exclusively used" has reference to primary and inherent use as over against a mere secondary and incidental use.[2]

■ This court has repeatedly held that the rule that laws exempting property from taxation should be strictly construed in favor of the taxing power does not call for strained construction, but must always be reasonable and will not be applied to defeat the expressed intent of the legislature.[3] In *C. A. Wagner Construction Company v. City of Sioux Falls* (1947) 71 S.D. 587, 27 N.W.2d 916 we held that the constitutional and statutory provisions for exemption from taxation or assessment are to be given a reasonable, natural, and practical construction to effectuate the purpose for which the exemption is created.

■ The trial court having found that the respective taxpayers had purchased the tracts solely for agricultural use and invested in equipment and livestock for use for agricultural purposes, and had in good faith and sincerity engaged in agricultural pursuits including operation of a sizeable cattle operation, such findings support the conclusion and the judgment that the taxpayers are entitled to an abatement.

DUNN, C. J., and WOLLMAN and ZASTROW, JJ., and BERNDT, Circuit Judge, concur.

BERNDT, Circuit Judge, sitting for PORTER, J., disqualified.

---

1.  SDCL 10–6–31.

2.  *St. Louis Gospel Center v. Prose* (Mo.1955) 280 S.W.2d 827, 831; *Multnomah School of the Bible v. Multnomah County* (1959) 218 Or. 19, 343 P.2d 893, 898; *Willamette University v.* *State Tax Commission* (1966) 245 Or. 342, 422 P.2d 260, 262.

3.  *State ex rel. Eveland v. Erickson* (1921) 44 S.D. 63, 182 N.W. 315; *State ex rel. Bottum v. Knudtson* (1937) 65 S.D. 547, 276 N.W. 150.