Charles Clayton JENNINGS,
Plaintiff and Appellee,

v.

Jane Eloise JENNINGS, Defendant
and Appellant.

Nos. 13113, 13223.

Supreme Court of South Dakota.

Considered on Briefs May 29, 1981.

Decided Aug. 26, 1981.

George N. Manolis of Churchill, Manolis, Wheeler & Freeman, Huron, for plaintiff and appellee.

Ramon A. Roubideaux, Rapid City, for defendant and appellant.

FOSHEIM, Justice.

Following the trial of this divorce action, findings of fact and conclusions of law were adopted and a judgment was entered. The judgment granted a divorce to both parties and divided the property. After entry of judgment, the defendant moved for relief, pursuant to SDCL 15–6–60(b). The motion was denied. Appeals were taken from the judgment and order denying the motion. We affirm.

Plaintiff's attorney served and filed proposed findings of fact and conclusions of law and a proposed decree. Service was made by mail on counsel for the defendant on February 13, 1980. Shortly thereafter the defendant's lawyer served and filed a notice of withdrawal as counsel of record. The withdrawal requested the court to allow new counsel additional time to prepare proposed findings of fact and conclusions of law and objections to the findings of fact and conclusions of law filed by the plaintiff. The court accordingly entered an order granting the defendant ten additional days from February 21, 1980 in which to file proposed findings of fact and conclusions of law and proposed judgment and to register objections to the decision proposed by the plaintiff.

No findings of fact were proposed by or on behalf of the defendant, nor were any objections served or filed to the plaintiff's proposed decision within the extended time. The decision and judgment adopted by the Court were signed on March 5, 1980 and filed March 18, 1980.

Notice of entry of findings of fact and conclusions of law and decree were served on the defendant by the sheriff of Hughes County on March 11, 1980.

On May 1, 1980, Ramon A. Roubideaux, defendant's new attorney, certified that he had served counsel for the plaintiff with a copy of a "motion for relief" under SDCL 15–6–60(b).[1] That motion in affidavit form was filed on May 6, 1980. It recites that he (Roubideaux) was first contacted by the defendant on February 27, 1980, which was several days before the adopted decision by the trial court was issued. It was also within the extended time for the defendant to submit proposed findings of fact and conclusions of law.

The defendant's motion requests that the defendant be granted relief from the court's findings of fact and conclusions of law and decree under SDCL 15–6–60(b)(2) and (3), and that the court vacate or stay the judgment and decree of divorce until defendant, with new counsel, can apply to the court for relief based upon newly discovered evidence, fraud, misrepresentation and misconduct. Plaintiff resisted the motion as being inadequate and insufficient to support any relief pursuant to SDCL 15–6–60(b).

A hearing was held on the defendant's motion on May 29, 1980. Counsel for both parties were present. After testimony and argument, the court entered a decision which concluded in effect that no evidence had been presented proving fraud and that the defendant failed to support her motion for relief pursuant to SDCL 15–6–60(b) by clear and convincing evidence.

■ The central issue is whether the court erred in denying appellant's motion for relief under SDCL 15–6–60(b)(3). To decide this question, we must determine what is the correct standard of proof for fraud.

It appears from the memorandum and formal decisions that the party carrying the burden of proof of fraud was held required to establish such fraud by "clear and convincing evidence." The trial court based that determination on our decision in *Estate of Sedlacek v. Mount Marty Hospital Ass'n.*, 88 S.D. 333, 218 N.W.2d 875 (1974). In that case, we stated that fraud and deceit are not to be presumed, but must be ordinarily proved by clear and convincing evidence, and in support of that conclusion we cited *M.E. Smith & Company v. Kimble*, 38 S.D. 511, 162 N.W. 162 (1917) and *Erck v. Bachand*, 69 S.D. 330, 10 N.W.2d 518 (1943).[2] In the *Estate of Sedlacek* we also stated that the clear and convincing measure of proof falls somewhere between the prepon-

---

1. SDCL 15–6–60(b) reads:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:

(1) Mistake, inadvertence, surprise, or excusable neglect;

(2) Newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under § 15–6–59(b);

(3) Fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;

(4) The judgment is void;

(5) The judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable

that the judgment should have prospective application; or

(6) Any other reason justifying relief from the operation of the judgment.

The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. Section 15–6–60 does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to grant relief to a defendant not actually personally notified as provided by statute or to set aside a judgment for fraud upon the court.

2. *Erck* involved a claim of duress and intimidation.

derance of evidence rule in civil cases and the beyond a reasonable doubt requirement of our criminal procedure.

In light of the clear and convincing standard of proof enunciated in *Kimble,* the following language in *Kunkel v. United Security Ins. Co. of New Jersey,* 84 S.D. 116, 131, 168 N.W.2d 723, 732 (1969), was less than correct.

We have stated supra that the burden of proof was upon the insured to establish bad faith by a preponderance of the evidence. The court instructed that the evidence as to bad faith must not only preponderate but in addition such evidence must be clear and satisfactory and convincing. Such is the rule in some jurisdictions. *Berk v. Milwaukee Automobile Ins. Co.,* 245 Wis. 597, 15 N.W.2d 834; *Cowden v. Aetna Cas. & Sur. Co.,* 389 Pa. 459, 134 A.2d 223. It originates from the premise that bad faith is a species of fraud and since one is the equivalent of the other and fraud must be proved by evidence which is clear, satisfactory and convincing, the same rule applies to bad faith. Although we have said that fraud is never presumed or lightly inferred, *we have not said the burden to prove fraud required more than a preponderance of the evidence. Northwest Realty Co. v. Colling,* 82 S.D. 421, 147 N.W.2d 675. We believe this to be the proper standard of proof in this type of case and the rule in most jurisdictions. (Emphasis supplied.)

In *Commercial Credit Equipment Corporation v. Johnson,* 87 S.D. 411, 209 N.W.2d 548 (1973), we undertook to blend the preponderance of the evidence rule with a clear and convincing standard:

Fraud must be proved by a preponderance of the evidence, but that evidence must be clear, satisfactory and convincing. *Kunkel v. United Security Ins. Co.,* 1969, 84 S.D. 116, 168 N.W.2d 723, and see cases cited in *General Finance Corp. v. Fidelity and Casualty Co.,* 1970, D.C.S.D., 311 F.Supp. 353. Acc: 37 Am.Jur.2d, Fraud and Deceit, § 481.

209 N.W.2d at 551.

In *Aschoff v. Mobil Oil Corp.,* 261 N.W.2d 120 (S.D.1977), we addressed the issue of the correct standard of proof for fraud in some detail:

Defendant also asserts as error the court's failure to instruct the jury on the proper burden of proof in a fraud case. It claims the burden which was recognized by this court in *Commercial Credit Equipment Corp. v. Johnson,* 1973, 87 S.D. 411, 416, 209 N.W.2d 548, 551, is that '[f]raud must be proved by a preponderance of the evidence' that is 'clear, satisfactory and convincing.' The court in the case at bar instructed that plaintiff's burden was by a preponderance of the evidence, but it did not place the additional burden of 'clear, satisfactory and convincing' upon plaintiff's evidence. Although defendant did not propose such an instruction, it did object to the instruction given.

We must admit that this court in *Commercial Credit Equipment Corp. v. Johnson,* supra, did state that the burden of proving an alleged fraud is by a 'preponderance of the evidence' that is 'clear, satisfactory and convincing.' See also: *General Finance Corp. v. Fidelity and Casualty Co. of New York,* 1970, D.C. S.D., 311 F.Supp. 353; *Rist v. Karlen,* 1976, 90 S.D. 426, 241 N.W.2d 717. However, the case relied upon by this court in *Commercial Credit* and by the federal court in *General Finance* was *Kunkel v. United Security Ins. Co. of New Jersey,* infra. In that case in which bad faith was alleged by insured, an instruction such as that urged by defendant here was given. The court noted that such an additional burden had been adopted in some states in bad faith cases because they already required it in fraud cases. The court then held:

'Although we have said that fraud is never presumed or lightly inferred, we have not said the burden to prove fraud required more than a preponderance of the evidence. *Northwest Realty Co. v. Colling,* 82 S.D. 421, 147 N.W.2d 675. We believe this to be the proper stan-

dard of proof in this type of case and the rule in most jurisdictions.' *Kunkel v. United Security Ins. Co. of New Jersey,* supra, 84 S.D. at 132, 168 N.W.2d at 732.

The burden of proof referred to by the court as "this" standard, we feel, was by a preponderance without the additional condition. Rather than adopting a new burden of proof, the court in *Kunkel* was announcing that it would not require a greater burden of proof in bad faith cases because it did not do so in fraud cases. See: *Northwest Realty Co. v. Colling,* 82 S.D. 421, 147 N.W.2d 675. The interpretations by this court and by the federal courts to the contrary were in error. The instruction given by the court in the case at bar was correct.

261 N.W.2d at 125. In post-*Aschoff* cases, with the exception of *O'Connor v. O'Connor,* 307 N.W.2d 132 (S.D.1981), we have continued to hold that fraud must be proved by a preponderance of the evidence. *Golden v. Oahe Enterprises, Inc.,* 295 N.W.2d 160, 164 n.2 (S.D.1980); *Gen. Elec. Cred. Corp. v. M.D. Aircraft,* 266 N.W.2d 548 (S.D.1978). For the sake of clarity and stability, we now affirm adherence to the preponderance of the evidence rather than the clear and convincing standard and *O'Connor v. O'Connor,* supra, is hereby modified to the extent it states otherwise.

■ The burden of establishing fraud rests on the party who seeks to rely on it for affirmative relief or as a defense to an action. *Northwest Realty Company v. Colling,* 82 S.D. 421, 147 N.W.2d 675 (1966); *City of Vermillion v. Hugener,* 75 S.D. 106, 59 N.W.2d 732 (1953); *Breneman v. Aune,* 73 S.D. 478, 44 N.W.2d 219 (1950). Direct and positive evidence is not always required to prove fraud and like other issues of fact in particular cases, it may be established by inference from facts and circumstances. *Funke v. Holland Furnace Co.,* 78 S.D. 374, 102 N.W.2d 668 (1960). Although the trial court measured the defendant's evidence of fraud against a clear and convincing standard rather than the correct preponderance of the evidence standard, it was harmless error. The trial court, also noted in his

memorandum opinion that at best "a possibility of fraud had been established." This was followed by a formal determination, which is supported in the record, that no evidence proving fraud had been presented. We need not speculate whether appellant has satisfied a preponderance of the evidence burden of proof because she failed to prove fraud by any standard. Consequently, the trial court correctly denied the defendant's motion for relief under SDCL 15–6–60(b).

The record on this appeal therefore stands without any objections on the part of the defendant to the findings of fact and conclusions of law adopted by the trial court and without any findings of fact and conclusions of law requested by the defendant.

■ It is well settled law that it is necessary to request findings of fact and conclusions of law and to object to findings of fact and conclusions of law as a prerequisite to challenging the decision on appeal. *Application of Veith,* 261 N.W.2d 424 (S.D.1978); *Builders Specialties Company v. Swanson,* 82 S.D. 663, 152 N.W.2d 550 (1967); *OVE v. Hutcheson,* 77 S.D. 78, 85 N.W.2d 675 (1957); *McCannon v. Lusk-Mitchell Newspapers, Inc.,* 67 S.D. 291, 292 N.W. 82 (1940); *Jas. A. Smith Lumber Co. v. Havlik,* 51 S.D. 306, 213 N.W. 578 (1927). The sufficiency of the evidence to support the trial court's decision is thus not before us. *Johnson v. Adamski,* 274 N.W.2d 267 (S.D. 1979); *Swanson v. City of Deadwood,* 88 S.D. 320, 219 N.W.2d 477 (1974); SDCL 15–26A–8. SDCL 15–6–52(a) merely grants an exception to rulings of the court, "but requires a request for a finding on an issue of fact as the basis for a finding of insufficiency of the evidence as to it." *Builders Specialties Company* at 551; *Moody County v. Cable,* 82 S.D. 537, 150 N.W.2d 193 (1967). Consequently, we do not reach the issue whether the trial court abused its discretion in dividing the property and refusing alimony.

During the pendency of this appeal, the defendant filed a pro se motion for further

relief. We have also reviewed this motion and find it to be without merit. The judgment and order are affirmed.

All the Justices Concur.