**Ethel WARD, Plaintiff and Appellee,**

**v.**

**VIBORG SCHOOL DISTRICT NO. 60-5 and Its Board of Education, Defendants and Appellants.**

**No. 13563.**

Supreme Court of South Dakota.

Argued March 22, 1982.

Decided May 19, 1982.

Dennis C. McFarland of McFarland & Petersen, Sioux Falls, for plaintiff and appellee.

James R. Haar, Tripp, for defendants and appellants.

HENDERSON, Justice.

## ACTION

Viborg School District No. 60–5 and its Board of Education (Board) appeal from a summary judgment of the trial court which reinstated Ethel Ward (appellee) to her position as a teacher with the Viborg School District. The trial court's judgment reversed a decision by the Board to reduce appellee to half-time teaching status commencing with the 1981–1982 school year. We affirm.

## FACTS

In a letter from the Board dated March 9, 1981, appellee was informed that the Board was implementing staff reduction for the 1981–1982 school year and, accordingly, appellee's position was being reduced to half time. Appellee, a tenured teacher, filed a grievance with the Board dated April 1, 1981, alleging that the Board had violated its own staff reduction policy. At its regular meeting of April 13, 1981, this grievance was acknowledged by the Board.

On April 16, 1981, appellee requested a formal hearing before the Board. A special meeting was held on April 27, 1981, whereat it appears that the Board took no formal action with regard to appellee's grievance. Appellee filed a notice of appeal with the trial court on June 4, 1981. The trial court subsequently entered summary judgment in favor of appellee. This appeal ensued.

## ISSUES

### I.

Did the trial court err in assuming jurisdiction over appellee's notice of appeal due, allegedly, to the notice a) not being timely filed or b) not clearly and concisely stating the decision which was appealed? We hold that it did not.

### II.

Is procedural due process required when a tenured teacher is dismissed pursuant to a staff reduction policy as opposed to being dismissed for cause? Under the facts of this appeal, we hold that procedural due process is required.

## DECISION

### I.

▉ The Board contends that the trial court erred in assuming jurisdiction over appellee's appeal because said appeal was not timely made.* Appellee's notice of appeal reads as follows:

YOU WILL HEREBY take notice that [appellee] appeals from the decision made by the Board of Education ... on or about May 1, 1981, to issue a contract to [appellee] which is not in conformity with the provisions of SDCL 13–43–10.

You will further take notice that [appellee] appeals from the entire decision of the Board reducing her contract time.

Dated at Sioux Falls, South Dakota, this *4th* day of June, 1981.

▉ SDCL 13–46–1 requires that appellee appeal the decision of the Board "... within ninety days after the rendering of [the Board's] decision." Regardless of whether the decision of the Board was rendered on March 9, 1981, or on April 27, 1981, the ninety-day period provided for in SDCL 13–46–1 did not expire until June 8, 1981. Appellee's notice of appeal was filed on June 4, 1981. Appellant's contention is accordingly without merit.

The Board also maintains that the trial court erred in assuming jurisdiction over

---

* If the trial court is without jurisdiction of the subject matter in litigation, this Court does not acquire jurisdiction thereof by appeal to it from the trial court's judgment or final order. *Mid-* *dle Creek School District No. 18 & Thompson v. Butte County Board of Education*, 83 S.D. 107, 155 N.W.2d 450 (1968).

this case due to the allegedly defective wording of appellee's notice of appeal. SDCL 13–46–3 provides that "[s]uch notice [of appeal] must clearly and concisely state the decision or that part of the decision appealed from." Since there is no specific reference in appellee's notice of appeal to the March 9, 1981, decision of the Board (the date the Board maintains the final decision regarding appellee was made), the notice of appeal, argues the Board, is defective. We do not agree.

■ As evidenced by appellee's attempts to be heard on this matter (see *FACTS*) during April of 1981, appellee could have reasonably concluded that the decision of the Board was not final until sometime after April 27, 1981. The notice of appeal states that appellee is appealing from the Board's judgment rendered "on or about May 1, 1981." We believe that, under the situation presented here, appellee's notice of appeal sufficiently complies with SDCL 13–46–3.

## II.

Appellant urges that the procedural due process requirements which exist within the continuing contract law provisions of this state (SDCL ch. 13–43) are not required when a school district implements staff reduction. Only when a specific teacher is dismissed *for cause*, contends the Board, do the continuing contract law due process guarantees apply since a due process type of hearing would not affect the factors which necessitate the staff reduction, e.g., declining enrollment. It is undisputed that the Board failed to comply with SDCL 13–43–10 and SDCL 13–43–10.1, which define the due process dictates that must be met before the employment of a tenured teacher is terminated.

Two Michigan cases, *Chester v. Harper Woods School District*, 87 Mich.App. 235, 273 N.W.2d 916 (1978), and *Steeby v. School District of the City of Highland Park*, 56 Mich.App. 395, 224 N.W.2d 97 (1974), are cited by the Board in support of its position. In essence, these cases hold that since no specific charges were brought against the teachers whose contracts had been terminated, but rather the teachers were discharged solely for economic reasons, the statutory right to a hearing is inapplicable; that is, such a process would be a "useless gesture." *Id.*, 273 N.W.2d at 919.

As per SDCL 13–10–11, a school board has the power to establish policies for reduction of its teaching staff. Paragraph three of the Board's written policy, implemented in December of 1975, provides in pertinent part:

If the staff reduction involves professional staff members on a continuing contract status, the Board will follow the provisions of SDCL 13–43–10 and 13–43–10.1 and any acts amendatory thereto with the further provision that a certified staff member shall have priority for a position over a temporary or uncertified staff member even though said staff member is on a continuing contract status.

In *Schnabel v. Alcester School District*, 295 N.W.2d 340, 341 (S.D.1980), this Court held (citations omitted):

Generally, rules and regulations of an administrative agency governing proceedings before it, duly adopted and within the authority of the agency, are as binding as if they were statutes enacted by the Legislature.

. . . .

The [school] Board had duly adopted its staff reduction policy as it had the power to do, and it must now follow it. The procedures set forth by the [school] Board for it to follow in determining staff reduction according to its policies have the force and effect of law.

■ The two previously mentioned Michigan cases cited by the Board are distinguishable from the situation presented here by virtue of paragraph three of the Board's staff reduction policy; in that paragraph, the Board clearly accepts the responsibility of adhering to SDCL 13–43–10 and SDCL 13–43–10.1 whenever a tenured teacher's contract is affected by staff reduction. The Michigan cases do not indicate that the

school boards therein involved were similarly bound.

■ The Board further contends that paragraph three of its staff reduction policy does not come into play because appellee's full-time teaching contract was only reduced to part time, as opposed to being removed from the teaching staff completely. Any persuasiveness this argument contains dissipates rapidly when juxtaposed against SDCL 13–43–10 (incorporated by reference into paragraph three of the Board's staff reduction policy) which specifically requires a school board to follow certain due process requirements when it offers a teacher a contract for the ensuing school year that is not "under the same terms and conditions as the contract for the then current year."

The remaining issue proffered by the Board was not raised at the trial court level hence precluding appellate review. *Weaver v. Boortz*, 301 N.W.2d 673 (S.D.1981).

Affirmed.

All the Justices concur.