Mary Sue DONOHUE, Plaintiff
and Appellee,

v.

Jane Eloise JENNINGS, Defendant
and Appellant.

No. 13836.

Supreme Court of South Dakota.

Considered on Briefs April 20, 1983.

Decided June 8, 1983.

Parnell J. Donohue of Donohue & Donohue, Sioux Falls, for plaintiff and appellee.

Jane Eloise Jennings, pro se.

FOSHEIM, Chief Justice.

Mary Sue Donohue (appellee) represented Jane Eloise Jennings (appellant) in a divorce action. Upon being discharged without pay, appellee filed an attorney's lien against the proceeds of a sale of personal property ordered by the divorce court. The sale of this property was held by auctioneers who withheld the amount of the lien from appellant's share of the sale proceeds. Appellee subsequently commenced this suit to foreclose her lien. The amount of the lien ($7,066.98) was deposited with the court by the auctioneers. Following a pre-trial conference, the trial court issued an order in which it declared that the only issues for trial were "[t]he necessity for the legal services rendered and the costs and the reasonable value thereof." Following trial, at which appellant appeared pro se, the court issued findings of fact, conclusions of law, and judgment in appellee's favor. We affirm.

Appellant argues pro se on appeal. She claims that the judgment should be reversed because appellee did not give proper notice of her attorney's lien, as required by SDCL 16–18–21(3),[1] and therefore the lien

---

1. SDCL 16–18–21(3) reads: An attorney and counselor at law has a lien for a general balance of compensation in and for each case upon:

    (3) Money due his client in the hands of the adverse party or attorney of such party, in an action or proceeding in which the attorney claiming the lien was employed, from the time of giving notice in writing to such adverse party or attorney of such party, if the money is in the possession or under the control of such attorney, which notice shall state the amount claimed and in general terms for what services; after judgment in

cannot be foreclosed. In effect appellant questions the sufficiency of the evidence to support Finding # 15: "That the attorney's lien was properly filed and served in compliance with the law by Mary Sue Donohue to protect her interests."

Although the trial court granted appellant an extension of time to file proposed findings of fact and conclusions of law, she did not file any proposed findings or objections to appellee's proposed findings. Nor did she preserve the issue of sufficiency of the evidence by making a motion for a new trial, a particularized motion for dismissal, or other apt motion, offer or objection. Since appellant failed to preserve the issue for review, and has not raised any other legal issue on appeal, this court is limited to deciding whether the findings support the conclusions of law and judgment.[2] *Jennings v. Jennings,* 309 N.W.2d 809 (S.D. 1981); *Application of Veith,* 261 N.W.2d 424 (S.D.1978); *Swanson v. City of Deadwood,* 88 S.D. 320, 219 N.W.2d 477 (1974); *Moody County v. Cable,* 82 S.D. 537, 150 N.W.2d 193 (1967); *Cf. Pearson v. Adams,* 279 N.W.2d 674 (S.D.1979) (motion for directed

any court of record such notice may be given and the lien made effective against the judgment debtor by entering the same in the judgment docket opposite the entry of the judgment.

verdict must specify grounds of law or fact relied on); SDCL 15–6–41(b); SDCL 15–6–52(a); SDCL 15–6–59(a); SDCL 15–26A–8.

Our decision on this issue is governed by the rule that a trial court's findings should include ultimate, not evidentiary, facts. However, findings cannot be so general that they do not cover matters which must be stated in the pleadings. *Davison v. Kellar,* 35 S.D. 285, 152 N.W. 106 (1915). Finding # 15 is an ultimate fact on a matter which must be pled as a condition precedent to foreclosing an attorney's lien. We have reviewed the trial court's findings and conclude that they support its conclusions of law and judgment.

The judgment is affirmed.

All the Justices concur.

2. We note that appellant did not object to the trial court's pre-trial order narrowing the issues at trial to the necessity for the legal services performed and the reasonableness of the fees. And at the beginning of trial, the trial judge re-stated these issues as the only issues for trial and, again, appellant did not object.