PAM OIL, INC., Plaintiff and Appellant,

v.

TRAVEX INTERNATIONAL CORPORATION, Defendant and Appellee.

No. 13757.

Supreme Court of South Dakota.

Considered on Briefs Nov. 18, 1982.

Decided Aug. 3, 1983.

John E. Burke, Sioux Falls, for plaintiff and appellant.

Richard V. Fesler, President of Travex Intern. Corp., pro se for defendant and appellee.

PER CURIAM.

Plaintiff appeals from a judgment partially denying his requested relief. We reverse and remand with instructions.

Plaintiff is a Sioux Falls oil company and defendant is a Minnesota company that provides travel services. In July 1980, the parties discussed an agreement in which defendant was to arrange travel to the Indianapolis 500 race for one hundred twenty-six of plaintiff's customers at $200.00 per person. A letter from defendant's president, Mr. Fesler, confirmed plaintiff's "order for a plane," and an attachment indicated: "Routing MSP/FSD/IND/FSD/-MSP/." Defendant's letter also stated, "In addition you may wish to board local participants at the Twin Cities Airport and I can make these arrangements...." Plaintiff's president, Arnold Pederson, testified that he understood the travel arrangements allowed participants to board the plane in Minneapolis and Sioux Falls; after traveling to Indianapolis the plane was to return to Sioux Falls and then Minneapolis.

A Republic Airlines employee testified that Republic and Fesler had originally executed a contract for a charter plane with a routing from Sioux Falls to Indianapolis and return. Under a second contract with defendant, however, Republic provided a charter plane with a routing from Minneapolis to Sioux Falls and then Indianapolis and return. The employee also testified that the service provided under the second contract, which exceeded the cost of Republic's first charter contract with defendant, conformed with the routing originally indicated in defendant's letter to plaintiff. There was no evidence that the additional expense was the result of anything other than a change in the routing requested by defendant. Nor was there any evidence to indicate that Pederson was aware of any of the charter agreements Fesler negotiated with Republic. Apparently, Fesler had mistakenly assumed that the plane would be ferried to Sioux Falls from Minneapolis and that passenger service could be provided on this ferry.

After plaintiff was billed by defendant for the balance of the contract price, Pederson inquired about the routing. Fesler advised Pederson that if passengers were boarded in Minneapolis there would be an extra charge. As plaintiff had already made commitments to provide the travel arrangements, plaintiff found it necessary to pay an additional $2,829.96 to obtain the arrangements as originally understood by Pederson. In this action plaintiff sought to recover this amount from defendant.

The trial court correctly concluded that the contract between plaintiff and defendant was for travel service from Minneapolis to Sioux Falls and then to Indianapolis and return. Yet, the court also concluded that plaintiff had damages amounting to only $1,414.98, exactly one-half of the additional amount plaintiff had to pay to obtain the travel arrangements as Pederson had understood them.

Plaintiff complains that the court in effect reformed the contract and required it to share an additional expense that was not part of the contract it had with defendant. Defendant argues that it had no control over the operation of the airline and that the contract language, "subject to final confirmation and applicable tariffs," should be enforced to place the added expense on plaintiff.*

While several documents must be searched to discover the terms of the entire contract between plaintiff and defendant, we think there is no ambiguity in the contract that could be understood as obligating plaintiff to share the cost of defendant's error in confirming a price or making a contract with Republic Airlines, who provided a charter plane. *Cf. Jones v. American Oil Co.,* 87 S.D. 384, 209 N.W.2d 1 (1973); *Jensen v. Pure Plant Food Int'l., Ltd.,* 274 N.W.2d 261 (S.D.1979). There is no ambiguity in the contract between plaintiff and defendant that would allow it to be understood in any way other than as Peder-

son understood it—to transport travelers from Minneapolis and Sioux Falls to Indianapolis and return at the price originally stated by defendant.

"The court cannot make a contract for the parties that they did not make themselves as a compromise or for any other purpose [cite omitted]." *Knapp v. Breeding,* 77 S.D. 551, 553, 95 N.W.2d 535, 537 (1959). "If the agreement describes the subject-matter and the description does not admit of two meanings, the fact that one of the parties thought that it was something else does not affect the contract." *Luce v. Ash,* 28 S.D. 109, 117, 132 N.W. 708, 711 (1911). Plaintiff was entitled to the benefit of the bargain it had originally made with defendant and it was damaged in the full amount of the additional costs it was required to pay. Plaintiff should not have had to split the additional cost with defendant, who certainly could have prevented its own error. Judgment should have been entered for plaintiff in the full amount.

The judgment is reversed and remanded with instructions to enter judgment consistent with this opinion.

---

* On appeal, defendant has also argued that Fesler was merely an agent of Republic Airlines. This is an interesting theory in light of the fact that Fesler executed the charter contracts as a representative of "Arnold Pederson, President Pam Oil, Inc.," who was shown on the agreements as the party requesting the air charter. In any event, this issue was not raised at the trial court level and is not properly before us on appeal. *Ward v. Viborg School Dist. No. 60–5,* 319 N.W.2d 502 (S.D.1982).