William G. BURKE, Appellant,

v.

**LEAD-DEADWOOD SCHOOL DISTRICT NO. 40–1, Appellee.**

No. 14091.

Supreme Court of South Dakota.

Considered on Briefs Jan. 18, 1984.

Opinion Filed April 18, 1984.

Thomas E. Adams and Raymond J. Voelker, Jr. of Voelker & Adams, P.C., Deadwood, for appellant.

John J. Delaney and A.P. Fuller of Amundson & Fuller, Lead, for appellee.

HENDERSON, Justice.

William G. Burke appeals from the judgment rendered by the Circuit Court for the Eighth Judicial Circuit on December 28, 1982, affirming a decision of the Lead-Deadwood School District No. 40–1 to terminate his employment. We reverse.

Burke was first employed by the Deadwood School District for the 1960–61 school year as an elementary classroom teacher. He maintained that position until December 1966, when he was employed as elementary principal. From that time, through the reorganization of the Deadwood School System into the Lead-Deadwood Independent School District No. 40–1 (District), Burke was an elementary principal. In 1978, Burke was employed as Director of Special Services. He held that position until 1982.

On March 8, 1982, Burke received a letter from the Superintendent of Schools, advising him that, due to economic necessity, his position of Director of Special Services was eliminated and he would be terminated at the end of his present contract. Burke requested a hearing which was held on April 14, 1982. At the conclusion of the hearing, Burke was advised that the School Board (Board) would stand by its prior decision. Appeal was taken to the Circuit Court, Eighth Judicial Circuit, and trial de novo was held. Judgment was rendered affirming the Board's decision, thus triggering this appeal. We must first vault a procedural hurdle before addressing the substantive aspect of this case.

Appellant submits that the Board acted illegally in failing to follow its Staff Reduction Policy with regard to his termination. Appellee urges that this issue has not been preserved for appeal because of a failure to submit proposed findings of fact and conclusions of law to the circuit court, citing *Jennings v. Jennings*, 309 N.W.2d 809 (S.D.1981), as authority.

*Jennings* does indeed state that "it is necessary to request findings of fact and conclusions of law and to object to findings of fact and conclusions of law as a prerequisite to challenging the decision on appeal." 309 N.W.2d at 812. However, it should be noted that neither proposed findings nor objections to findings were ever filed in *Jennings*, despite a court-ordered, ten-day extension in which to do so. The adverse party had no grounds, then, upon which to rest a complaint as to the sufficiency of the evidence. Further, *Jennings*

relies, as precedent, on numerous cases which have stated the above proposition much less restrictively. "This court has repeatedly held that where the sufficiency of the evidence was not questioned before the trial court by motion for a new trial, request for findings or other appropriate procedure sufficiency of the evidence cannot be reviewed ...." *In re Veith*, 261 N.W.2d 424, 425 (S.D.1978); *Builders Specialties Co. v. Swanson*, 82 S.D. 663, 152 N.W.2d 550 (1967); *Ove v. Hutcheson*, 77 S.D. 78, 85 N.W.2d 675 (1957).

These decisions are based on an application of SDCL 15–26A–8, which provides: "Such ... matters ... as may have been timely presented to the trial court by motion for directed verdict, request for findings, or other apt motion, offer, or objection may be reviewed on appeal ...." Though an exception is taken for "[a]ny action or decision of the court in making or modifying findings of fact or conclusions of law ..." per SDCL 15–6–52(a), there is a requirement of "a request for a finding on an issue of fact as the basis for a finding of insufficiency of the evidence as to it." *Builders Specialties*, 152 N.W.2d at 551; *Jennings*.

The thrust of this statute is twofold. On the one hand, it will not allow a party, upon review, to profit from its own failure to act. On the other, it protects the trial court's right to rule correctly. By insisting that all matters must be timely presented to the trial court, the legislature has attempted to insure that trial judges are given adequate opportunity to avoid mistakes.

In the present case, findings of fact were not proposed per se. However, explicit written objections were raised to appellee's proposed findings. These objections contained the requisite specificity, pointing out particular defects or errors relied upon in objecting and advocated positive legal viewpoints. These were, in essence, proposed findings. Thus, the intent of the statute is preserved. The trial court had an opportunity to review the evidence, to weigh it, and to correct any errors and remove possible

doubts; i.e., it had an opportunity to rule correctly.

■ To the extent the holding in *Jennings* would refuse review in a situation such as this, where objections take the form of proposed findings, that holding is too narrow. To the extent that it would require filing findings *and* objections, it is, perhaps, too broad. We therefore confine *Jennings* to its facts, wherein the record stood void of both proposed findings and objections to findings, thereby leaving nothing with which to challenge the evidence. We further modify the proposition stated therein to conform more to the previous line of cases. We reassert that "[i]f a party does not present proposed findings of fact, make a motion for a new trial, or by some other apt motion, offer, objection or exception indicate his disagreement with the court's findings, the sufficiency of the evidence to support the findings may not be questioned on appeal." *Johnson v. Adamski*, 274 N.W.2d 267, 268 (S.D.1979); *Swanson v. City of Deadwood*, 88 S.D. 320, 219 N.W.2d 477 (1974). SDCL 15-26A-8. We determine appellant preserved those issues cited in the objections. Therefore, we proceed to the substantive issue upon which error is now predicated.

■ In school board cases, the de novo hearing is limited in nature and any independent inquiry into the facts is permitted only for the purpose of passing on the legality of the Board's decision. The proper scope of review by this Court on an appeal from the circuit court is the same as that for other civil cases, i.e., determination is limited to whether the circuit court's findings are clearly erroneous. *Dale v. Bd. of Educ.*, 316 N.W.2d 108 (S.D.1982).

■ In eliminating Burke's position with the District, the Board relied on its Staff Reduction Policy (Policy), a policy mandated by SDCL 13–10–11, such policy having the force and effect of law. *Schnabel v. Alcester Sch. Dist. No. 61-1*, 295 N.W.2d

340 (S.D.1980). Burke was notified in accordance with SDCL 13–43–9.1 and SDCL 13–43–10 and a hearing was held in accordance with SDCL 13–43–10.1, all incorporated by reference in the Board's Policy. At the hearing, the Board affirmed its position that all proceedings were pursuant to this policy and not SDCL ch. 13–43.

Burke's job title is "Director of Special Services." He oversees all special education operations. It was and is Burke's contention that the Board acted illegally in not finding him another position in the District in accordance with paragraph three of the Policy [1] inasmuch as he falls within the statutory definition of "teacher." The Board disputes this. At the termination hearing, it admitted to some confusion with regard to this term. As stated by its counsel:

> Correct. You must understand one thing. The Board had a problem in this regard, there is no definition in the Board Policy as to what a teacher is. The only definition that could be found was in the statutes, and the statutes of the State of South Dakota, 13–43–12, indicate the definition of a teacher is a classroom teacher (I'm abbreviating that). I will read the precise words. "Any person engaged in the profession of teaching children grades kindergarten through twelve in the public schools of South Dakota, *and* any person employed in public schools as a principal, superintendent or other administrative school employee." It was believed that Mr. Burke, in the broad category, fell into the sub-category of administrative school employee, since his tenure of five years as Special Education Director. (Emphasis provided.)

The Board determined that paragraph three was not applicable because of Burke's status as "administrative school employee." Burke's other certifications were deemed not relevant and thus, were

---

**1.** Paragraph three of the Policy provides:
Probationary or non-contributing [sic] contract employees will be released third, in the inverse order, when a continuing contract teacher whose position is being curtailed or eliminated is qualified to fill the position of the non-continuing contract teacher.

not taken into account. The Board proceeded under paragraph four[2] of its Policy in terminating Burke's employment.

The Board concedes that Burke is a teacher as defined by statute. There is also no denial that the contract under which he is employed is a "Teacher's Contract." Further, his certificate, issued by the State of South Dakota, is entitled "Teacher Certificate," which appellee concedes would conceptually qualify Burke as a classroom teacher as far as the state was concerned. Nevertheless, the Board continues to insist that only certain provisions of its Policy are applicable to Burke because his employment is administrative in nature. This, despite the fact that nowhere in the Policy is a distinction made or mention as to "administrative personnel." Paragraphs three and four refer specifically to "continuing contract teachers." Appellee, in its brief, defines this phrase as follows:

> The term "continuing contract teacher" is a term of art encompassing within its borders all classifications of persons in the educational field who have or are able to acquire tenure protection. It not only includes classroom teachers, it includes superintendents and principals; finance officers and business managers; it even includes Directors of Special Services who have not been classroom teachers for the last fifteen years. See SDCL 13–14–2; 13–43–9.1, *et sequentia.* For the purpose of tenure, Burke is a continuing contract teacher. For notice and due process protection under the Staff Reduction Policy, Burke is a continuing contract teacher. Under the classifications of SDCL 13–43–12, Burke is not a person engaged in the profession of teaching children. He is classified as an "other administrative employee".

Though Burke may be classed as an "other administrative employee," SDCL 13–43–12 provides that such persons are "teachers" for purposes of tenure. Those protected by the tenure laws are "continuing contract teachers." "The purposes of the Continuing Contract Law are to provide teachers security in employment and to prevent dismissal of a teacher without cause." *Collins v. Wakonda Ind. Sch. Dist. No. 1,* 252 N.W.2d 646, 647 (S.D. 1977). In order to protect those teachers and yet give the Board leeway with regard to staff reduction, the legislature has required the Board to set a Staff Reduction Policy. SDCL 13–10–11. Paragraph three of the Board's Policy requires certain procedures when continuing contract teacher positions are being staff reduced, such procedures to be taken prior to any application of other policy provisions.

"The [school] Board had duly adopted its staff reduction policy as it had the power to do, and it must now follow it. The procedures set forth by the [school] Board for it to follow in determining staff reduction according to its policies have the force and effect of law." *Ward v. Viborg Sch. Dist. No. 60–5,* 319 N.W.2d 502, 504 (S.D.1982), citing *Schnabel v. Alcester Sch. Dist. No. 61–1,* 295 N.W.2d 340, 341 (S.D.1980). Probationary and non-continuing contract employees must be released prior to a contract teacher being released under the Policy. The Board did not follow their Staff Reduction Policy, ergo, they acted illegally.

The trial court was "clearly erroneous" in its conclusion to the contrary.

Reversed.

WOLLMAN, DUNN and MORGAN, JJ., concur.

FOSHEIM, C.J., concurs specially.

FOSHEIM, Chief Justice (concurring specially).

I agree that in *Jennings* we were too strict and that to conform with the statute

---

**2.** Paragraph four of the Policy provides:

In the event a continuing contract teacher must be released, the release will be on the basis of seniority within the classification, knowledge, skill and efficiency on the job, physical fitness, and providing that the following qualifications shall be considered in determining knowledge, skill and efficiency.

A. Major, minors and certification.
B. Professional growth—graduate credits.
C. Prior experience in the classification.
D. Evaluation and progress report.

the prerequisites for appeal on the insufficiency of the evidence issue should have been stated in the disjunctive rather than conjunctive. SDCL 15–26A–8 provides that, the issue may be preserved for appeal other than by motion for a new trial through "motion for directed verdict, request for findings, *or* other apt motion, offer, *or* objection" (emphasis added).