**In the Matter of R.H., L.H., S.H., S.H., E.H., and F.H., Alleged Dependent Children.**

**No. 14342.**

Supreme Court of South Dakota.

Considered on Briefs April 19, 1984.

Decided May 29, 1984.

Janice Godtland, Asst. Atty. Gen., Pierre, for appellee, State of South Dakota; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

Richard L. Johnson, Sioux Falls, for dependent Children.

Patrick Schroeder, Minnehaha County Public Defender, Sioux Falls, for appellant, B.H.

FOSHEIM, Chief Justice.

B.H. appeals a termination of parental rights in his children R.H., L.H., S.H., S.H., E.H., and F.H. We affirm.

This matter was previously before us in *Matter of R.H.*, 300 N.W.2d 271 (S.D.1981). We then upheld termination of the mother's parental rights but reversed as to B.H., the father. New facts thereafter emerged. B.H. admitted in March 1981 that the children were dependent. As a result of a hearing on June 3 and 4, 1981, the children were placed in foster care. B.H. was given reasonable visitation rights. On July 5, 1983, the dispositional hearing was held which terminated the father's parental rights.

On appeal, the father claims the evidence was insufficient to support termination; that the trial court did not balance his rights against the best interests of the children and the public; and that termination was not the least restrictive alternative.

■ The father did not object to the Department's proposed findings of fact and conclusions of law. He did not propose findings and conclusions and did not serve or file a motion for a new dispositional hearing. He has therefore waived any claim of error concerning sufficiency of the evidence. *Burke v. Lead-Deadwood School District*, 347 N.W.2d 343 (S.D. 1984); *Jennings v. Jennings*, 309 N.W.2d 809 (S.D.1981). This limits appellant to the question of whether the findings support the conclusions of law and judgment. *In the Matter of the Application of Veith*, 261 N.W.2d 424 (S.D.1978). In our view the conclusions of law and judgment are supported by the adopted findings.

■ At the dispositional hearing, the trial court should balance the fundamental rights of the parent with the best interests of the child and the public. *People in the Interest of P.M.*, 299 N.W.2d 803 (S.D. 1980). In the interest of clarity and for the purposes of judicial review, the trial court should explicitly set forth the balancing process. *Matter of S.H.*, 337 N.W.2d 179 (S.D.1983). The trial court did not do this. However, the hearing took place before *Matter of S.H.* was filed. That case was not given retroactive effect.

Although not explicitly set forth, it appears that at the dispositional hearing a balancing process occurred The trial judge discussed the best interests of the children at the final dispositional hearing. He indicated that there was a psychological benefit to the children in bringing the proceedings to an end. He also indicated that the children were adoptable. He mentioned that although there was some apparent father-children love, the record indicated the

father had taken no steps to improve his parenting skills and that he had abandoned the children. He had not visited them during the two years preceding the dispositional hearing. The trial judge considered visitation and decided to permit it if the children were willing. The court also found that the father's resentment toward the Department caused an unwillingness on his part to cooperate concerning the best interests of the children.

 The father essentially abandoned the children after they were placed in foster care in 1981. He did not send them cards, letters, or gifts. He failed to visit them even though he was in the town where the children lived on several occasions. He rejected attempts to help him improve his parenting skills. He claims this was because he did not get along with a social worker and that assignment of a different worker would have solved the problem. Actually, another social worker did work with him. He likewise rejected that social worker's efforts to help him. It is clear that further assistance from the Department would have been unavailing. Under such circumstances, termination is justified. *In the Matter of M.S.M.*, 320 N.W.2d 795 (S.D.1982). Termination was accordingly the least restrictive alternative.

The decree of disposition is affirmed.

All the Justices concur.