#25090-rev & rem-JKK

**2010 SD 32**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

\* \* \* \*

MARK E. WISWELL,                                   Plaintiff and Appellant,

    v.

RENE D. WISWELL,                                   Defendant and Appellee.

\* \* \* \*

APPEAL FROM THE CIRCUIT COURT
OF THE SEVENTH JUDICIAL CIRCUIT
PENNINGTON COUNTY, SOUTH DAKOTA

\* \* \* \*

HONORABLE JOHN J. DELANEY
Judge

\* \* \* \*

ANGELA M. COLBATH                         Attorney for plaintiff
Rapid City, South Dakota                      and appellant.

STEPHEN C. HOFFMAN of
Costello, Porter, Hill, Heisterkamp,
  Bushnell & Carpenter, LLP             Attorneys for defendant
Rapid City, South Dakota                      and appellee.

\* \* \* \*

CONSIDERED ON BRIEFS
ON OCTOBER 5, 2009

OPINION FILED **04/14/10**

KONENKAMP, Justice

[¶1.]	In this divorce case, the circuit court's contradictory rulings preclude meaningful appellate review.  We reverse and remand.

## Background

[¶2.]	Mark and Rene Wiswell married on August 22, 1998.  They separated in December 2006.  At the time, Mark was 39 and Rene 40.  Both were in good health.  Mark had twenty years experience in automotive repair.  Rene had completed three and a half years toward an engineering degree.  In December 2001, Mark and Rene started Weassel's Repair, an automobile repair shop in Rapid City, South Dakota.  Mark worked as the repair shop's mechanic and foreman, while Rene handled customer service and daily clerical duties.

[¶3.]	In January 2007, Mark sued Rene for divorce.  By their agreement, she took over Weassel's Repair.  He opened a rival shop:  Mark's Auto Repair.  Following the trial, the court issued a three-page memorandum decision dividing the marital property.  Rene was to receive the marital home, along with its mortgages.  The court awarded Weassel's Repair to Rene and Mark's Auto Repair to Mark, assessing each business as effectively valueless.  Those tools acquired as part of the marital estate were divided by the court using an exhibit list prepared by the parties.  That list was attached to the memorandum decision.  The court awarded each party certain vehicles and personal property.  The debt was also divided between the parties.  Summarizing the value awarded to each party in its memorandum decision, the court noted that the division "leaves a negative value to Mark of $31,035.07 and a positive value to Rene of $18,283.00."  The court noted,

however, that it "couple[d] the slight surplusage in favor of Rene with the reality of having to pay [her] student loans. To that extent there would be an exposure to Mark for support or assistance to Rene and, [thus, the court was] inclined to use the difference in values received to wash out any duty for Mark's continuing support of Rene." Counsel was directed to submit proposed findings and conclusions. Rene's attorney submitted proposed findings, a proposed judgment and decree of divorce, and later, a proposed "money judgment." Mark's attorney offered objections to Rene's proposed findings, as well as his own proposed findings. The court signed Rene's proposed findings and the two judgments.

[¶4.]    Without any explanation we can find in the record, the court's findings of fact and conclusions of law contradict the distribution awarded in its memorandum decision. These findings award Mark vehicles that were awarded to Rene in the memorandum decision. Adding to the confusion, the court's judgment and decree of divorce indicates that the parties waived entry of findings of fact and conclusions of law. And though no cash award is mentioned in either the memorandum decision or the findings of fact and conclusions of law, the judgment and decree ordered that Rene have a judgment against Mark for $33,459 for his share of the marital debt, and that amount is also awarded in the court's "money judgment," signed almost a month after the judgment and decree of divorce.

[¶5.]    Mark appeals on grounds that the court's memorandum decision, findings of fact and conclusions of law, judgment and decree of divorce, and money judgment constitute inconsistent rulings necessitating reversal. Mark also asserts that the court inequitably divided the marital estate.

## Analysis and Decision

[¶6.] At the outset, it must be noted that Mark's objections to Rene's proposed findings and his own proposed findings do not precisely address the inconsistencies between the memorandum decision, the findings, and the two judgments.* His objections and proposed findings went generally to his asserted claim of inequities in the court's award. Our review, therefore, must be limited to "whether the findings of fact support the conclusions of law and judgment." GMS, Inc. v. Deadwood Soc. Club, Inc., 333 NW2d 442, 443 (SD 1983); Burke v. Lead-Deadwood Sch. Dist. No. 40-1, 347 NW2d 343, 345 (SD 1984). "The facts are considered conclusive and may not be challenged." Massey Ferguson Credit Corp. v. Bice, 450 NW2d 435, 444 (SD 1990). Nonetheless, conclusions of law unaccompanied by supporting fact findings fail to comply with SDCL 15-6-52(a), which obliges a court to "find the facts specially and state separately its conclusions of law thereon. . . ." Where required, findings and conclusions are necessary so that this Court may review the circuit court's decision to ensure the correctness of its judgment.

[¶7.] When a memorandum decision is filed, "the facts and legal conclusions stated therein need not be restated but may be included in the findings of fact and conclusions of law by reference." SDCL 15-6-52(a). Here, the circuit court filed its memorandum decision and referred to it in both the findings of fact and conclusions

---

* Appellate counsel was not trial counsel.

of law and the judgment, but then noted in the judgment that findings had been waived. No waiver appears of record.

[¶8.]     In several significant respects, the memorandum decision, the findings of fact and conclusions of law, and the judgment conflict with each other. First, in the memorandum decision, the court awarded the house to Rene, along with the accompanying mortgages. In the findings and conclusions, however, the court awarded the house to neither party, although it assigned the mortgages to Rene. Second, in the memorandum decision, the court awarded Mark the Attex ATV, the 1988 pickup, and the Chevy pickup, with accompanying debts. Rene was awarded the remaining vehicles, which included the 1997 Ford, the 1977 Moto, and the 1942 Jeep. In the court's findings and conclusions, however, the court awarded Mark the 1997 Ford, the 1977 Moto, and the 1942 Jeep. Third, the court's judgment and decree declared that the parties waived entry of findings and conclusions. This is clearly not the case, as the same day the court also signed the findings and conclusions. Fourth, and most difficult to resolve, the judgment and decree granted a cash award against Mark in favor of Rene for $33,459 "for his share of the marital debt." But there is no mention of this award in the findings of fact and conclusions of law, and the court's memorandum decision appears to reject such an award.

[¶9.]     We can neither deduce how the court arrived at the cash award figure from its findings nor infer why Mark would be responsible for such a payment to Rene. If it was intended as a debt equalization payment, the only way it can come close to being intelligible is for the court to have required Mark to be responsible for a portion of Rene's mortgage obligations, which, in the findings, the court

specifically ordered Rene to be solely responsible for. Thus, even under our more lenient standard of review, the memorandum decision, the findings and conclusions, and the two judgments cannot be reconciled.

[¶10.] A court's property division is reviewed for abuse of discretion. Maxner v. Maxner, 2007 SD 30, ¶12, 730 NW2d 619, 622 (citing Zepeda v. Zepeda, 2001 SD 101, ¶20, 632 NW2d 48, 55 (citation omitted); Albrecht v. Albrecht, 2000 SD 54, ¶10, 609 NW2d 765, 768). Here, the inconsistencies in the court's various rulings make a meaningful review impossible. We require some reasonable measure of consistency and exactness in a circuit court's findings as a predicate for adequate appellate review. Eichmann v. Eichmann, 485 NW2d 206, 208 (SD 1992) (irreconcilable inconsistencies prevent meaningful appellate review); Wilson v. Wilson, 434 NW2d 742, 744 (SD 1989) (inconsistencies render findings clearly erroneous and prevent meaningful review).

[¶11.] Mark's remaining issue on appeal, whether the property and debts were equitably divided, cannot be resolved at this time. We are unable to determine whether the court properly exercised its discretion in dividing assets because the conclusions of law and judgment are not supported by the findings of fact or the memorandum decision.

[¶12.] Reversed and remanded to enter consistent findings of fact and conclusions of law and judgment.

[¶13.] GILBERTSON, Chief Justice, and ZINTER, MEIERHENRY, and SEVERSON, Justices, concur.